ARTHUR W. McGILL et al., Respondents, v. BOARD OF SUPERVISORS OF NIAGARA COUNTY, et al., Appellants, et al., Defendants.—

Memorandum: The judgment appealed from declared that the present Niagara County legislative apportionment and section 150 of the County Law are unconstitutional as applied to Niagara County and ordered that the present Board of Supervisors continue to hold office until December 31, 1967 and continue as presently constituted (subject to a temporary plan of weighted voting) until a valid plan of redistricting has been approved by the electorate. The court further ordered that it retain jurisdiction of the action and that the Board of Supervisors should on or before April 1, 1967, prepare and submit to the court a permanent plan of redistricting to be based upon the population census to be completed in 1967. In our opinion the judgment was in all respects correct when made and should be affirmed except insofar as delay in comple-

tion of the 1967 census rendered it impossible to complete a permanent plan of redistricting on the April 1, 1967 date specified in the order. The matter should be remitted to Special Term to fix new dates for submitting a permanent plan and serving and filing objections thereto. In modifying and affirming the judgment we take notice of the fact that a referendum is proposed on a plan to revise the ward boundaries of the City of Niagara Falls so as to accomplish the redistricting of the wards from which city supervisors are to be elected. Any such referendum would be completely futile and ineffectual because regardless of the outcome thereof, the ultimate reapportionment of the county is in the hands of the court. Under the judgment neither the Board of Supervisors nor the City of Niagara Falls has any power or authority to redistrict the county or the city. Section 150 of the County Law has been declared unconstitutional as it applies to Niagara County and the Supreme Court has taken over the reapportionment and delegated certain mechanical aspects to the Board of Supervisors to prepare and submit to that court a permanent plan of redistricting. Only in the event that a plan is approved by the court shall it be submitted to the electorate. Under the provisions of the judgment no plan can be submitted to the electorate unless and until it has been approved by the court. There having been no court approval of the plan proposed by the City of Niagara Falls any referendum vote thereon would be violative of the judgment and would be a nullity. If an application be made to Special Term to enjoin any referendum on a plan which lacks court approval such application should be granted. (Appeals from a judgment of Niagara Special Term, granting summary judgment to plaintiffs in action to declare apportionment plan unconstitutional.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.